# OLSHAN

1325 AVENUE OF THE AMERICAS ▪ NEW YORK, NEW YORK 10019
TELEPHONE: 212.451.2300 ▪ FACSIMILE: 212.451.2222

EMAIL: JKOEVARY@OLSHANLAW.COM
DIRECT DIAL: 212.451.2265

November 15, 2024

**BY ECF**
Hon. Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007



Re:   *Simpson, et. al v. First Republic Bank, et al. (In re JJ Arch LLC)*, Case No. 24-cv-04847(KPF): Request for Pre-Motion Conference to Dismiss Objections to Bankruptcy Court's Proposed Findings Directing Remand as Moot

Dear Judge Failla:

Olshan Frome Wolosky LLP is counsel to Arch Real Estate Holdings LLC ("AREH") who together with Jared Chassen ("Mr. Chassen") are the movants (the "Movants") on the *Joint Motion to Remand Based on Lack of Jurisdiction or, in the Alternative, Principles of Abstention or Equity* dated (the "Joint Motion to Remand") that is subject to the Bankruptcy Court's June 10, 2024 proposed findings of fact (the "Proposed Findings") before Your Honor for consideration pursuant to Rule 9033 of the Federal Rules of Bankruptcy Procedure [Dkt. No. 1].

As further set forth below, exercising its core jurisdiction, on October 28, 2024, upon a separate motion pursuant to which the Bankruptcy Court had core jurisdiction, the Bankruptcy Court entered an order remanding the adversary proceeding to the New York Supreme Court, Commercial Division (the "Remand Order"). A copy of the Remand Order is attached as **Exhibit A** hereto. **November 12, 2024** was the last day to file an appeal of the Remand Order. No appeal of the Remand Order was filed.

On account of entry of the Remand Order, AREH seeks a pre-motion conference to dismiss the Objections as moot as the case has already been expressly and completely remanded and for want of subject matter jurisdiction.

The matter before this Court arises on a previously issued findings of fact on a different motion pursuant to which the Bankruptcy Court only had related-to jurisdiction. JJ Arch LLC (the "Debtor") had filed objections to the Proposed Findings dated June 24, 2024 (the "Objections") [Dkt. No. 2].

The above referenced adversary proceeding that is the subject of the Objections was removed by the Debtor from the Commercial Division in April under the umbrella of the chapter 11 case captioned *In re JJ Arch LLC*, No. 24-01355 (JPM) (Bankr. S.D.N.Y.). The Debtor's basis for federal subject matter jurisdiction ***exclusively*** rested on the Debtor's then-pending bankruptcy case. Specifically, the Debtor's stated grounds for removal was that the Bankruptcy

Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1334 (providing for subject matter jurisdiction of bankruptcy-related cases). Objections. ¶45-46. The Debtor further argued that the adversary proceeding was a "core" matter pursuant to 28 U.S.C. § 157. *Id.* ¶¶ 47-50.[1] At no point in the record has Bankruptcy Judge Mastando or any party contemplated a basis for subject matter jurisdiction that was not tied to the Debtor's then-pending chapter 11 bankruptcy case.

On October 11, 2024, Bankruptcy Judge Mastando ordered dismissal of the chapter 11 case. A copy of his 48-page Dismissal Memorandum Opinion and Order (the "Dismissal Opinion")[2] is attached hereto as **Exhibit B**. Among other things, the Dismissal Opinion finds that the Debtor proceeded ***in bad faith*** and provides that "the Adversary Proceedings[3] should not remain before this Court following the dismissal of this bankruptcy." Dismissal Opinion at 30-42, 47. The final page of the Dismissal Opinion further provides in pertinent part that "each adversary proceeding associated with this bankruptcy should be dismissed." Dismissal of the chapter 11 case was a core matter pursuant to which the Bankruptcy Court had statutory authority to "enter appropriate orders and judgments…." 28 U.S.C. § 157(b)(1) & (b)(2)(A) ("core" includes matters concerning administration of the estate").[4] *See also* Dismissal Opinion at 21.

The Dismissal Opinion provides the following discussion concerning whether maintenance of the Adversary Proceedings (including the one that is the subject of the Objections) is appropriate in light of the dismissal of the bankruptcy case:

> In the Second Circuit, the "general rule" is that "related proceedings ordinarily should be dismissed following the termination of the underlying bankruptcy case." *In re Zarour*, 2023 WL 315303, at *4 (S.D.N.Y. Jan. 19, 2023), *appeal dismissed* (May 30, 2023) (*citing In re Porges*, 44 F.3d 159, 162 (2d Cir. 1995)). Dismissal of related proceedings is a matter committed to a bankruptcy court's discretion, but the post-dismissal retention of related proceedings is a power that should be used "sparingly." *See id.; W. Vernon Energy Corp. v. Daniels*, 2006 WL 1982772, at *3 (S.D.N.Y. June 19, 2006) ("[B]ecause federal jurisdiction is limited and cannot be manufactured, a bankruptcy court ought to exercise its discretion to retain an adversary proceeding after dismissal of a bankruptcy sparingly."). When considering whether to retain jurisdiction, "a court is to consider four facts—namely, judicial economy, convenience to the parties,

---

[1] Bankruptcy Judge Mastando held that the Bankruptcy Court had "related-to" jurisdiction over the adversary proceeding under 28 U.S.C. § 1334(b), but rejected the Debtor's other theories of bankruptcy jurisdiction (the matter was not a "core" matter pursuant to 28 U.S.C. § 157(b) and the Bankruptcy Court did not have exclusive jurisdiction pursuant to 28 U.S.C. §1334(e)). Proposed Findings at 13 n.11, 19.

[2] The Debtor filed a notice of appeal of the Dismissal Opinion on October 22, 2024. The Debtor did not timely perfect its appeal.

[3] The defined term of "Adversary Proceedings" includes the proceeding that is the subject of the Proposed Findings. *See* Dismissal Opinion at 46.

[4] *Contra* the Proposed Findings, pursuant to which the Bankruptcy Court did not have authority to enter the final order of remand, because the Bankruptcy Court held the adversary proceeding *not* to be a core proceeding and the Movants did not consent to entry of final orders or judgments. *See* 28 U.S.C. § 157(c) (providing that in non-core matters, absent consent to entry of final orders or judgments from all parties, the Bankruptcy Court may only issue proposed findings).

      fairness and comity." *In re Millenium Seacarriers, Inc.,* 458 F.3d 92, 96 (2d Cir. 2006) (internal quotations omitted).

Dismissal Opinion at 46.

      The Bankruptcy Court exercised its discretion not to maintain jurisdiction after evaluating the relevant factors and noting in furtherance of its bad faith findings that "[a]ll three Proceedings were thus brought before this Court by a purported principal of the Debtor motived by a non-bankruptcy purpose." *Id.* at 47 (*citing In re Boyce,* 2015 WL 9126085, at *4 (Bankr. E.D.N.Y. Dec. 15, 2015), *aff'd sub nom. Boyce v. Citibank, N.A*., 2017 WL 87066 (E.D.N.Y. Jan. 10, 2017), *aff'd sub nom. In re Boyce*, 710 F. App'x 44 (2d Cir. 2018).

      Finally, AREH submits that this case is moot because with dismissal of the bankruptcy case and the adversary proceeding there is no longer any "case or controversy" for this Court to exercise its authority under Article III of the United States Constitution. *Cf. Myer's Lawn Care Services, Inc. v. Fragala*, No. 22-cv-5980 2024 WL 3718666, *2 (E.D.N.Y. Aug. 6, 2024) (dismissing bankruptcy appeal as constitutionally moot for want of subject matter jurisdiction) *citing AmeriCredit Fin. Servs., Inc. v. Tompkins,* 604 F.3d 753, 755 (2d Cir. 2010) ("When the plaintiff no longer has a legally cognizable interest in the outcome of the action, the case becomes moot and is no longer a 'case' or 'controversy' for the purposes of Article III."); *Antonyuk v. Chiumento*, 89 F.4th 271, 370 (2d Cir. 2023).

      In light of the Removal Order and the other reasons stated herein AREH respectfully seeks a pre-motion conference concerning a motion to dismiss the Objections as moot.

      Respectfully submitted,

      */s/ Jonathan T. Koevary*
      Jonathan T. Koevary

The Court has reviewed AREH's November 15, 2024 pre-motion letter (Dkt. #17) seeking to dismiss the objections (Dkt. #2) to the Bankruptcy Court's proposed findings of fact (Dkt. #1) as moot on the grounds that the Bankruptcy Court remanded the adversary proceeding to the New York Supreme Court, Commercial Division, on October 28, 2024, following the Bankruptcy Court's dismissal of the related chapter 11 case on October 11, 2024. Seeing as no appeal of that order was filed by the applicable November 12, 2024 deadline (*see* Dkt. #17), and seeing as counsel for JJ Arch does not intend to appear at any pre-motion conference (Dkt. #18), the Court hereby DISMISSES the objections as moot.

Accordingly, the Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case.

Dated: November 19, 2024  
       New York, New York

SO ORDERED.

*Katherine Polk Failla*

HON. KATHERINE POLK FAILLA  
UNITED STATES DISTRICT JUDGE